IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE OLIVER COUNTS, JR.                                                                    PLAINTIFF

v.                                    Civil No. 6:20-CV-06031

OFFICER WOODALL, OFFICER B.                                                          DEFENDANTS
MCADDO and SERGEANT BALL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

This case is intertwined with *Counts v. McAddo*, Case No. 6:20-cv-06021, therefore relevant backgrounds for both cases with be discussed for clarity. On February 25, 2020, Plaintiff filed his Complaint in Case No. 6:20-cv-06021, naming Officer McAddo and Officer Woodall as Defendants. He alleged a variety of claims against these Defendants, based on incidents occurring on October 23, 2019, and September 12, 2019. His claims include slander, false imprisonment, and damage to a residence he had inherited because he was imprisoned and unable to care for it. He notes that several of the state charges brought against him were *nolle prossed*, which was

1

confirmed by a review of his current state cases, which were discussed at length in Case No. 6:20-cv-06021.  On March 25, 2020, the undersigned entered a Report and Recommendation which recommended dismissal of the case at preservice screening for failure to state any constitutional claims and the assignment of a § 1915 strike flag.  (Case No. 6:20-cv-06021, ECF No. 6).  This Report and Recommendation is still pending.  On April 24, 2020, Plaintiff filed a Motion to Amend, seeking to add a claim of excessive force against Defendant Ball for an incident occurring on February 13, 2020.  (Case No. 6:20-cv-06021, ECF No. 8).  This motion was denied on May 29, 2020, because the alleged excessive force incident was separate and distinct from the claims raised in his Complaint, brought against a Defendant not named in the Complaint, and brought for an incident which occurred approximately two months after he filed his Complaint.  (Case No. 6:20-cv-06021, ECF No. 10).

Plaintiff filed the Complaint in this case on March 5, 2020.  (ECF No. 1).  He filed his Amended Complaint on April 20, 2019.  (ECF No. 8).  He brings claims identical to those stated in Case No. 6:20-cv-06021 against Defendants McAddo and Woodall.  He also brings an excessive force claim against Defendant Ball.  He describes the February 13, 2020, incident with Defendant Ball as follows:

> Stress upon death of my beloved grandmother who recently passed violation electric excess as wet inmate from shower being shot by electric gun for inquire family death authoritys [sic] not occupying sensitive pos. on the hearing of my grandmother's name Mrs. Mildred Counts (witness) decease Inn.

(*Id*. at 6).  The Court will interpret this statement to mean that Plaintiff was in the shower, became upset at hearing that his grandmother passed away, and Defendant Ball shot him with a Taser or other form of stun gun when he requested further information about his grandmother's death.  Plaintiff brings his claim against Defendant Ball in his personal capacity.  (*Id*.).  He seeks punitive damages.  (*Id*. at 7).

2

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff cannot bring identical claims in two separate cases.  A Court may dismiss a prisoner's § 1983 action, upon § 1915A screening, if it is duplicative of a previously filed claim. *See Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming preservice dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative complaint raising issues directly related to issues in another pending action brought by the same party"). Plaintiff's claims against Defendants McAddo and Woodall are identical to those brought in Case No. 6:20-cv-06021 and should be dismissed as duplicative.

Plaintiff's allegation against Defendant Ball for Tazing him in the shower states a sufficient claim to survive preservice screening.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's claims against Defendants McAddo and Woodall be DISMISSED WITHOUT PREJUDICE and these Defendants be terminated from the case.  I further recommend that Plaintiff's personal capacity claim for excessive force against Defendant Ball remain for service.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of August 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE